PEDRO ÁNGEL PEREIRA, Plaintiff and Appellant, *v.* COMMERCIAL TRANSPORT COMPANY, INC., Defendant and Appellee.

No. 10308.   Argued February 1, 1951.—Decided April 8, 1952.

*A. Figueroa Rivera* for appellant.   *A. Fernández Sánchez* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On January 30, 1950 the lower court entered an order refusing to set aside an attachment levied without bond on defendant's personal property on the ground that the chattel

mortgage given as security for a loan prior to the execution of said contract—recorded in the Registry of Property of Ponce—had the presumption of being fraudulent because it was executed for a good consideration, § 1249, Civil Code, 1930 ed.; *Colón* v. *Schluter*, 48 P.R.R. 859; *Sosa* v. *Fidalgo*, 56 P.R.R. 48 and *Cortés* v. *Martínez*, 69 P.R.R. 710; and since the presumption of fraud had not been destroyed by authentic evidence of the payment of the price, said presumption prevailed and, consequently, so did the nullity of said mortgage, wherefore plaintiff was not bound to deposit in the office of the clerk of the court the amount of the obligation prior to the attachment, as required by § 10 of Act No. 19 of June 3, 1927 (Spec. Sess. Laws, p. 490), as amended by No. 71 of May 5, 1930 (Sess. Laws, p. 448),[1] and the decision of this Court in *Arenas* v. *Batalla*, 48 P.R.R. 37.

Subsequently, on motion of the defendant, the court, relying on *Texas Co. (P. R.) Inc.* v. *Estrada*, 50 P.R.R. 709; *Nine* v. *Avilés*, 53 P.R.R. 471 and *Nine* v. *Ortiz*, 67 P.R.R. 883, reconsidered its former decision and ordered the dissolution of the attachment for failure to comply with the provisions of § 10 of the Act already cited and ordered the surrender to defendant of the vehicles attached by plaintiff.

On appeal, plaintiff contends that the lower court erred (1) in dissolving the attachment levied and (2) in ordering the delivery of the vehicles to defendant.

■■ The attachment herein was levied on January 17, 1949 on two trucks belonging to defendant, in order to

---

[1] Said Section provides:

"No mortgagor or personal property shall sell, pledge or otherwise dispose of or encumber property mortgaged by him, or any part thereof, without the written consent of the mortgagee. But such property, may be attached after depositing in the office of the secretary of the court taking cognizance in the case the amount of the obligation secured by mortgage; *Provided*, That the mortgaged property shall not be removed from the municipality where it is located, prior to the deposit of said amount, except as provided in section 9 of this Act."

secure the effectiveness of a judgment rendered on December 21, 1948, against the latter in an action for damages which was modified on appeal and affirmed by this Court in *Pereira* v. *Commercial Transport Co.*, 70 P.R.R. 609. At the time of the attachment of said trucks, the latter as well as other movables—also trucks—belonging to defendant, were encumbered by two mortgages constituted in favor of Heraclio Girón, for $12,000 and $10,000, respectively, to secure debts for equal sums in cash, for which defendant subscribed two promissory notes payable to Girón on October 20, 1948, that is, on the same day that the two aforesaid mortgages were constituted.

At the hearing of the motion for the dissolution of the attachment—to which motion plaintiff objected—plaintiff did not introduce any evidence whatsoever in support of his allegation that the promissory notes and mortgages constituted on defendant's property were "void, simulated, fraudulent, without consideration," and executed "for the purpose of defeating and deceiving plaintiff's rights." Defendant offered the documents in evidence, which were admitted, to establish the two mortgages already mentioned.

In support of his appeal plaintiff relies mainly—as he did at the hearing in the lower court—on the presumption established by § 1249 of the Civil Code, 1930 ed., which insofar as pertinent provides: "Contracts by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors." He also relies in *Colón* v. *Schluter, supra; Heirs of Cayere* v. *Monell*, 40 P.R.R. 899 and *Santini Fertilizer Co.* v. *Burgos et al.*, 34 P.R.R. 830. And he argues that being the mortgages in question vitiated by nullity by the presumption established in said §1249, and since defendant failed to introduce any evidence to destroy said presumption, he allowed said presumption to stand plaintiff not being bound to support, with evidence, his allegation of fraud.

The difficulty in appellant's argument lies in the fact that—according to the record—the chattel mortgages herein were executed as security for negotiable promissory notes and although it was stated there in that they were subscribed "for value received," without indicating that it was so done at the time of its execution, it can not be presumed therefrom that the mortgages executed as security for those promissory notes are fraudulent, for the holder of a negotiable instrument—which is the principal obligation—is favored by the legal presumption that the promissory note is valid and that it was executed for a just and valuable consideration. Section 25 of the Uniform Negotiable Instruments Act, Act No. 17 of April 22, 1930 (Sess. Laws, p. 172); *Texas Co. (P. R.) Inc.* v. *Estrada, supra; Nine* v. *Avilés, supra; Nine* v. *Ortiz, supra.*

■ Appellant herein, who was the one to allege that the promissory notes and mortgages were simulated, fraudulent, and void, had the *onus probandi*. It was incumbent on him to show that said notes were simulated and fraudulent, and that, consequently, the mortgages lacked the legal force for want of consideration and because they were executed in fraud of creditors.

■ In the case at bar plaintiff relied on the presumption provided by § 1249 of the Civil Code. But as the mortgages were constituted to secure the negotiable promissory notes and these had the legal presumption of being valid and of having been executed for a valuable consideration, said presumption—which attaches to principal obligations—prevails as such over the presumption stated in § 1249 of the Civil Code, which has no bearing herein, for the valuable consideration is represented by the promissory notes. In the absence of evidence that there was actually no payment of price or of a valuable consideration, the presumption of validity attaching to principal obligations likewise rendered valid the subsidiary obligations—the mortgages.

Since plaintiff did not introduce any evidence to support his allegation of fraud, since he may not avail himself of the presumption established by § 1249 of the Civil Code invoked by him, and since *Colón* v. *Schluter, supra; Sosa* v. *Fidalgo, supra; Cortés* v. *Martínez, supra; Heirs of Cayere* v. *Monell, supra* and *Santini Fertilizer Co.* v. *Burgos, supra,* are not applicable herein, we must hold that the lower court acted correctly in decreeing the nullity of the attachment levied on the personal property of defendant without previously depositing in the lower court the amount of the obligation secured by mortgage. *Araújo* v. *Arenas,* 60 P.R.R. 277.

The first error, therefore, was not committed, and it goes without saying that neither was the second.

The order appealed from will be affirmed.